Linda M. Deola
Morrison, Sherwood, Wilson & Deola, PLLP
401 North Last Chance Gulch
P.O. Box 557
Helena, Montana 59624-0557
406-442-3261 Phone
406-443-7294 Fax
ldeola@mswdlaw.com
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JESS J. DAVIES,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY;<br>and SCOTT PRUITT, Director,<br><br>Defendants. | Cause No. CV-17-115-H-CCL<br><br><br>**AMENDED COMPLAINT AND JURY DEMAND** |

Plaintiff above-named files this Amended Complaint, stating his cause of action against Defendants and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff is a resident and citizen of Lewis and Clark County, Helena, Montana.

1

2. Defendant Scott Pruitt is the Director of the Environmental Protection Agency (EPA).  The EPA is an executive agency, department or instrumentality of the federal government, subject to the laws of the United States of America, including Section 504 of the Rehabilitation Act of 1973, as amended, at 29 U.S.C. §701 et seq.  (the "Rehabilitation Act"), 5 U.S.C. 2302 (b) (1), (8) (A)(B), 9(B), (10), (11) (12), 38 U.S.C. § 4301 *et seq*, 20 C.F.R. Part 1002, 38 U.S.C. § 4311(a) (5 C.F.R. § 353.202) the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 5 U.S.C. § 2302 et seq.  5 U.S.C. §1221 et seq. and §1214 (a)(3), the Whistleblower Protection Enhancement Act of 2012 ("WPEA") 5 U.S.C. §1221 et seq.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1343 (4), 42 U.S.C.S. §§ 2000e-et seq., 29 U.S.C.S. §§ 216(b), 633a(c), 5 U.S.C.S. § 7702, under § 7703(b)(2), 5 U.S.C. § 3330c (2009), 29 U.S.C. § 701 et seq.

4. Plaintiff has exhausted all administrative remedies for all claims asserted herein. In accordance with 5 U.S.C. § 7703(b)(2) and timely filed this mixed case as defined under 29 CFR §1614.302, within thirty (30) days of the date of MSPB's final decisions and in accordance with 29 C.F.R. § 1614.407.

5. The Helena Division of the United States District Court, District of Montana, has venue over this action pursuant to 28 U.S.C. § 1391 (e), in that the events and omissions giving rise to the claim occurred in this District and Defendant, an agency of the United States Government is subject to personal jurisdiction in this District.

**FACTUAL ALLEGATIONS**

6. On July 15, 2015, Davies formally applied for the following open competitive position with Defendant EPA:

Job Title: Criminal Investigator, GS-1811-09 This is how it was listed… however job was actually a GS 11-13 and this is what was offered in tentative offer.

Agency: Environmental Protection Agency

Job Announcement Numbers: CI-OECA-DE-2015-0008 and CI-OECA-DE-2015-0032

7. At all relevant time periods, Davies was a "preference eligible" veteran, under 5 U.S.C. 3330. This preference in part, waived the age requirement for agents the competitive positions Davies applied for and provided him preference in the hiring process of ten points. Davies provided the required documentation as a preference eligible and applied for these positions in accordance with said preference.

8. Following his applications Davies was interviewed on September 15, 2015. Thereafter on September 30, 2015, he received his On-Board Physical Examination letter.

9. On November 10, 2015, his initial medical examination was scheduled. Thereafter, on January 26, 2016, the agency offered Davies a tentative offer of employment for the Competitive Service Position, for which he applied. The offer was tentative pending medical approval and other pre-hire steps.

10. On or about February 24, 2016, Davies was informed by the EPA that he was "medically qualified" after examination by multiple medical officials. Thereafter, EPA advised him that the only steps involved a background investigation and drug testing.

11. On March 17, 2016, Davies received a letter confirming appointment pending security clearance.

12. On May 13, 2016, Davies received a commitment letter and confirmation of his employment. The letter did not indicate that his position was a probationary position and his then current employer the Army Core of Engineers communicated with EPA to effectuate Davies fact was a transfer to the EPA, so that he would have no break in service.

13. Davies was ordered to report for 12-weeks of training to begin in June of 2016 in Georgia that he successfully completed.

14. During his 12-week training program he made protected disclosures, regarding internal standards and procedures, he believed had been violated.

15. Subsequent to Davies protected disclosures the EPA imposed arbitrary additional medical requirements relating to his status as a veteran, requirements that were contrary to the EPA's medical policy Office of Personnel Management (OPM) requirements and not related to the essential functions of the position.

16. In September of 2016, seven months after Davies had already medically cleared and he was fully credentialed as a federal agent, the EPA made a request for "respirator clearance," requiring completion of Federal Occupational Health FOH 22 although Davies had provided the same medical information previously on a FOH 5 and was medically cleared for the same disclosures back in February of 2016.

17. On September 20, 2017, despite Davies' prior medical clearance, the EPA informed Davies that he was no longer "medically qualified" and he was ordered to cancel his upcoming training.

18. Beginning in August of 2016 and continuing through to March 2017, Davies made multiple disclosures to the Office of Special Counsel (OSC) and agents of EPA, including but not limited to the following:

> Communications with upper management at EPA, stating "as a professional courtesy I am advising you that I have made a protected disclosure to the United States Office of Special Council."

Physical Requirements and Medical Standards for CID Investigators GM/GS-1811

Title 5, CH1, B Part 293 and 339 by arbitrarily requiring extensive medical review of previously disclosed medical conditions and after being medically qualified already in 2016 and demonstrating the ability to complete all essential functions of the job during a 12- week evaluation at the Criminal Investigator Training Program.

Failed to provide the reason for the Exams and the consequences of not providing the information.

Failing to permit review by the previous FOH doctor or Davies Licensed physician, ordering unnecessary reports from numerous specialists instead.

Failing to waive medical requirements when Davies had already been medically qualified and despite performance of all duties of the job.

Placed on Desk duty and ordered to not complete his Filed Training Program with no evidence of not being able to successfully complete any duty of the position.

Ordered to pay for all costs associated with the additional medical evaluations

Ordered to complete more than one full medical evaluation in a year and failing to establish a relation to any alleged condition and any essential duties.

Ordered a Psychiatric evaluation by a Psychologist with no causal "behavior or action" identified.

19. After reporting to the OSC, the EPA threatened Davies' future employment unless and until he provide documents relating to whether he ever applied for or received VA disability compensation, specifically a copy of the full medical disability evaluation and rating decision report.

20. Davies objected but continued to comply with the ever-changing medical requirements and requests imposed upon him relating to his status as a veteran. EPA continued to not clear him medically despite the fact that doctor's examinations continued to medical clear him.

21. In December of 2016, EPA advised Davies that he had not given "complete" information regarding his VA disability rating. Despite inquiries the EPA failed to identify any rule or statute, permitting it to acquire or consider the entirety of Davies VA disability rating information as a basis to retract his medical clearance.

22. In January of 2017, Davies request EPA provide him with:

a. the specific essential functions of the job he was unable to perform;

b. the basis for continued testing and;

c. access to his Employee Medical File System / Employee Medical Folder.

Davies received no substantive response.

23. EPA terminated Davies on March 20, 2017. EPA's termination letter reveals that Davies was terminated as a result of his veteran status. The EPA regarded Davies as disabled as a result of his Veteran's status.

24. The EPA never identified any essential function of the job that Davies could not perform.

25. EPA failed to abide Davies' preference eligible status. Six months

into Davies' employment, on information and belief, the EPA attempted to change Davies classification as a transfer employee to a new hire subject to probation through creation of a post-hire document identifying Davies as a probationary employee.

26. On information and belief, the post-hire document, which was created after Davies made protected disclosures changing Davies to a probationary employee was created to impose a false imposition of probationary status, used to terminate Davies for his protected disclosures.

27. EPA acted arbitrarily in requiring extensive medical review of previously disclosed medical conditions after Davies, a disabled veteran, was already medically qualified in 2016 and had demonstrated the ability to complete all essential functions of the job during a 12-week evaluation at the Criminal Investigator Training Program. No reason was provided for the exams and the consequences of not providing the information.

28. The EPA's conduct leading up to and including termination of Davies constitute prohibited personnel actions as set forth under 5 U.S.C. §2302.

29. The EPA's adverse employment actions including termination were on the basis of his status as a Veteran.

# COUNT I
## USERRA CLAIM

30. Plaintiff re-alleges and incorporates Paragraphs 1 through 29 as if fully set forth herein.

31. USERRA provides that "[A] person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, *retention in employment,* promotion, or any other benefit of employment by an employer on the basis of that membership, application for membership, of service, application for service, or obligation "(38 U.S.C. § 4311(a)).

32. Further "an employer may not discriminate in employment against or take any adverse employment action against any person because such person . . . has exercised a right provided for in this chapter." 38 U.S.C. § 4311(b).

33. Defendant violated USERRA throughout his employment, culminating in termination of Davies' a veteran of the USMC.

34. Davies seeks all remedies set forth under 38 U.S.C. § 4323(d)(1)(B ).

# COUNT II
## WPEA COMPLAINT

35. Plaintiff re-alleges and incorporates Paragraphs 1 through 34 as if fully set forth herein.

36. The WPEA, 5 U.S.C. §1221 et seq. prohibits retaliation for protected disclosures or other protected activity defined by 5 U.S.C. §2302(a), (b)(9)(A)(i), (B), (C) or (D). Davies' disclosures, upon which he had a reasonable basis to believe, related to violations of rules and regulations were a contributing factor to the adverse personnel decisions as defined by 5 U.S.C. §2302 culminating in the wrongful termination of his employment

37. Davies seeks all remedies set forth under 5 U.S.C. §1214 (g).

## COUNT III
## REHABILITATION ACT

38. Plaintiff re-alleges and incorporates Paragraphs 1 through 37 as if fully set forth herein.

39. The Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* prohibits discrimination by a federal employer in employment with respect to hiring, promotion, termination, and other terms, conditions, and privileges of employment.

40. Davis is an individual with a disability within the meaning of the Rehabilitation Act of 1973, regarded as having a disability and having certain rights under Veterans Employment Opportunity Act of 1998 ("VEOA") 5 U.S.C. § 3304(f)(1).

41. The EPA discriminated against Davies a disabled veteran in violation of §29 U.S.C. § 794.

42. By reason of EPA's discrimination, Davies is entitled to all legal and equitable remedies available under the Rehabilitation Act.

43. Attorney's fees should be awarded under 29 U.S.C. § 794(a) (1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests:

(a) Back pay and front pay according to Davies employment contract pay level and pay until he reaches the age of 65 years when he would have retired from federal service but for EPA's management's discriminatory/retaliatory treatment of him and other benefits of employment;

(b) alternatively back pay and other benefits of employment and reinstatement in accordance with Davies' employment contract;

(c) any and all compensatory damages in an amount to be determined at trial ;

(d) liquidated damages in an amount equal to the amount of lost wages and other benefits of employment suffered by reason of Defendant's willful violations of USERRA, pursuant to 38 U.S.C. § 4323(d)(1)(C);

(e) all remedies set forth under 5 U.S.C. §1214 (g);

(f) costs and reasonable attorneys' fees incurred with this lawsuit with interest thereon;

(g) all other damages and further relief as deemed just.

## JURY DEMAND

The Plaintiff requests trial by jury.

DATED this 24th day of January, 2018.

By: /s/ Linda M. Deola
Linda M. Deola
Morrison, Sherwood, Wilson & Deola, PLLP
*Attorneys for Plaintiff*