**CHAD C. SPRAKER**
Assistant U.S. Attorney
U.S. Attorney's Office
901 Front Street, Suite 1100
Helena, MT 59626
Phone: (406) 457-5270
FAX: (406) 457-5130
Email: chad.spraker@usdoj.gov

**VICTORIA L. FRANCIS**
Assistant U.S. Attorney
U.S. Attorney's Office
2601 2nd Ave. North, Suite 3200
Billings, MT 59101
Phone: (406) 247- 4633
FAX: (406) 657- 6058
Email: victoria.francis@usdoj.gov

**ATTORNEYS FOR DEFENDANTS**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**HELENA DIVISION**

| | |
|---|---|
| **JESS J. DAVIES**<br><br>Plaintiff,<br>vs.<br><br>**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; and SCOTT PRUITT,** Director,<br><br>Defendants. | **CV 17-115-H-CCL**<br><br>**UNITED STATES' ANSWER TO AMENDED COMPLAINT** |

1

The United States, by and through counsel, Assistant United States Attorneys Chad C. Spraker and Victoria L. Francis, hereby answers the amended complaint (doc 3) filed herein as follows:

## PARTIES, JURISDICTION, AND VENUE

1. In response to paragraph 1 of the amended complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the allegations.

2. In response to paragraph 2 of the amended complaint, Defendant admits that Scott Pruitt is the administrator of the Environmental Protection Agency. The remainder of the paragraph contains conclusions of law, to which no response is required.

3. In response to paragraph 3 of the amended complaint, Defendant admits that the District Court has jurisdiction to determine jurisdiction under the statutes alleged.

4. In response to paragraph 4 of the amended complaint, Defendant denies the allegations as it is not entirely clear what claims Plaintiff is seeking to pursue herein, and some claims may not have been exhausted prior to filing this suit.

5. In response to paragraph 5 of the amended complaint, Defendant asserts that this allegation contains a conclusion of law, to which no response is

required.

## FACTUAL ALLEGATIONS

6.     In response to paragraph 6 of the amended complaint, Defendant admits that Plaintiff was hired as a Criminal Investigator GS-11 series 1811, step 1, but lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph in order to confirm or deny them.

7.     In response to paragraph 7 of the amended complaint, Defendant admits that Plaintiff was a preference eligible veteran and that he provided appropriate documentation to establish his veteran's status at the time he was hired. The remainder of the paragraph contains conclusions of law to which no response is required.

8.     In response to paragraph 8 of the amended complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph in order to confirm or deny them.

9.     In response to paragraph 9 of the amended complaint, Defendant admits that on or about November 10, 2015, Plaintiff underwent a pre-placement medical exam. Defendant denies making Plaintiff a tentative offer for a competitive service position.

10.     In response to paragraph 10 of the amended complaint, Defendant

admits that Plaintiff was determined to be "medically qualified" on or about February 17, 2016. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegation contained in this paragraph in order to confirm or deny it.

11. In response to paragraph 11 of the amended complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph in order to confirm or deny them.

12. In response to paragraph 12 of the amended complaint, Defendant admits that Plaintiff was provided an offer letter on May 13, 2016, but avers that the letter stated that the position was an Excepted Service Appointment. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph in order to confirm or deny them.

13. In response to paragraph 13 of the amended complaint, Defendant admits the allegations.

14. In response to paragraph 14 of the amended complaint, Defendant denies the allegation as it lacks sufficient information as to the truth of the allegations.

15. In response to paragraph 15 of the amended complaint, Defendant

denies the allegations.

16. In response to paragraph 16 of the amended complaint, Defendant admits that Plaintiff was required to fill out the Federal Occupational Health Form 22, "OSHA Respirator Medical Evaluation Questionnaire (Mandatory)" (FOH-22 form), but denies the remaining allegations in the paragraph.

17. In response to paragraph 17 of the amended complaint, Defendant admits that on September 20, 2016, Plaintiff received an updated Medical Review from the U.S. Department of Health and Human Services, Federal Occupation Health (FOH) dated September 19, 2016, stating that Plaintiff's status was "not medically qualified to perform the essential functions of the job," and that the medical determination is deferred pending additional information. Defendant admits that because Plaintiff was found to be medically unqualified by the Health and Human Services, Federal Occupational Health physician based on information provided by Plaintiff in the "OSHA Respirator Medical Evaluation Questionnaire (Mandatory)" (FOH-22 form), Plaintiff was unable to attend Hazardous Waste Operations and Emergency Response ("HAZWOPER") training. The Hazardous Waste Operations training is required by OSHA for workers who may be exposed to hazardous substances during the course of their duties. Successful completion of the Hazardous Waste Operations and Emergency Response course is a

requirement of the position of all EPA-CID Series 1811 Criminal Investigators, and is a prerequisite to attending EPA-CID's six week Environmental Investigations Basic Course.

18. In response to paragraph 18 of the amended complaint, Defendant admits that Plaintiff filed complaints with the Office of Special Counsel on August 21, 2016; August 28, 2016; and October 21, 2016, but avers that the content of those complaints is not identical to the allegations Plaintiff raises in this paragraph of the amended complaint.

19. In response to paragraph 19 of the amended complaint, Defendant denies the allegations, but avers that the Department of Health and Human Services, Federal Occupational Health (FOH) deemed Plaintiff medically unqualified and requested specific medical documentation from Plaintiff. FOH issued three (3) additional Medical Review Forms requesting information, continually giving Plaintiff additional time to provide the requested documentation.

20. In response to paragraph 20 of the amended complaint, Defendant denies the allegations.

21. In response to paragraph 21 of the amended complaint, Defendant admits that as of December 2016, Plaintiff still had not provided the medical

records requested by HHS, Federal Occupational Health in order to be medically cleared OSHA Respiration Medical Evaluation, which clearance is required before being able to attend the Hazardous Waste Operations and Emergency Response course. Defendant denies the remaining allegations in this paragraph.

22. In response to paragraphs 22, 23, 24, 25, 26, 27, 28, and 29 of the amended complaint, Defendant denies the allegations.

## COUNT I
## USERRA CLAIM

23. In response to paragraph 30 of the amended complaint, Defendant incorporates its answers to paragraphs 1-29 above.

24. In response to paragraphs 31 and 32 of the amended complaint, Defendant asserts that the allegations contain a conclusion of law, to which no response is required.

25. In response to paragraphs 33 and 34 of the amended complaint, Defendant denies the allegations and further denies that Defendant is entitled to remedies due to lack of any violations.

## COUNT II
## WPEA COMPLAINT

26. In response to paragraph 35 of the amended complaint, Defendant

incorporates its answers to paragraphs 1-34 above.

27. In response to paragraph 36 of the amended complaint, Defendant denies that Plaintiff's disclosures were a contributing factor to his termination. The remaining allegations in this paragraph contain conclusions of law, to which no response is required.

28. In response to paragraph 37 of the amended complaint, Defendant denies Plaintiff is entitled to the remedies he seeks.

## COUNT III
## REHABILITATION ACT

29. In response to paragraph 38 of the amended complaint, Defendant incorporates its answers to paragraphs 1-37 above.

30. In response to paragraph 39 of the amended complaint, Defendant denies that the allegation correctly frames the requirements set forth under the Rehabilitation Act and asserts that the Act itself is the best representation of the requirements therein.

31. In response to paragraph 40 of the amended complaint, Defendant denies the allegations as it lacks sufficient information as to all allegations. Defendant admits that Plaintiff's failure to provide information requested by the Health and Human Services Federal Occupational Health physician prevented the FOH physician from being able to lift the finding that Plaintiff was medically

unqualified and that the medical determination was deferred pending additional information. The remainder of this paragraph contains a conclusion of law, to which no response is required.

32. In response to paragraphs 41, 42, and 43 of the amended complaint, Defendant denies the allegations.

## AFFIRMATIVE DEFENSES

1. Plaintiff's amended complaint fails to state a claim upon which relief may be granted. Defendant denies any violations of the Rehabilitation Act, the Whistleblower Protection Act, and the Uniformed Services Employment and Reemployment Act.

2. Plaintiff's failure to provide information necessary for the Department of Health and Human Services, Federal Occupational Health physician to complete the medical evaluation required by OSHA for the hazardous waste training, results in Plaintiff not being a qualified individual who can perform the essential functions of the job, and also prevents the employer from having knowledge of disability limitations regarding respirator use.

3. The actions taken by Defendant were taken for legitimate business reasons and/or were based on business necessity. Defendant acted in good faith and without discriminatory intent. No actions were taken by Defendant in relation

9

to reprisal in regards to any alleged whistleblowing activities or EEO complaints.

4. Plaintiff's amended complaint fails to identify protected whistleblowing reports that show any disclosure by Plaintiff of actions that amount to illegal conduct, gross mismanagement, gross waste of funds, or actions presenting substantial dangers to health and human safety.

WHEREFORE, Defendant prays that Plaintiff take nothing by way of his amended complaint and for such other relief as the Court deems appropriate.

**DATED** this 27th day of March, 2018.

        KURT G. ALME
        United States Attorney


        /s/ Victoria L. Francis
        Assistant U.S. Attorney
        Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of March, 2018, a copy of the foregoing document was served on the following person by the following means.

| | |
|---|---|
| __1-2__ | CM/ECF |
| _____ | Hand Delivery |
| _____ | U.S. Mail |
| _____ | Overnight Delivery Service |
| _____ | Fax |
| _____ | E-Mail |

1. Clerk of Court

2. Linda M. Deola
Morrison, Sherwood, Wilson & Deola, PLLP
401 North Last Chance Gulch
P.O. Box 557
Helena, Montana 59624-0557
(406) 442-3261 – phone
(406) 443-7294 – fax
ldeola@mswdlaw.com
*Attorney for Plaintiff*

                                                /s/ Victoria L. Francis
                                                Assistant U.S. Attorney
                                                Attorney for Defendants