# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## HELENA DIVISION

| | |
|---|---|
| JESS J. DAVIES,<br><br>       Plaintiff,<br><br>vs.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; and ANDREW WHEELER, Administrator,<br><br>       Defendants. | CV 17-115-H-BMM-JTJ<br><br><br>**ORDER** |

## BACKGROUND

Plaintiff Jess Davies (Davies) has brought this lawsuit against his former employer, the United States Environmental Protection Agency (EPA), and the EPA's Administrator, Andrew Wheeler.  Davies worked as a Special Agent in the EPA's Criminal Investigation Division from on or about May 2016 though March 20, 2017.  Davies alleges that the EPA discriminated against him and wrongfully terminated his employment.  Davies has asserted claims against the EPA under the Uniformed Services Employment and Reemployment Rights Act (USERRA) 38 U.S.C. § 4311; the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*; and the Whistleblower Protection Enhancement Act, 5 U.S.C. § 1221 *et seq.*

**PRESENT MOTION**

Presently before the Court is Davies's motion to compel discovery.  The motion has two prongs.  First, Davies seeks an order compelling the EPA to produce three emails that the Federal Occupational Health (FOH) sent to EPA employee Maureen O'Mara regarding his medical status.  (Doc. 75 at 1-2). Second, Davies seeks an order compelling the EPA to produce all communications between Assistant United States Attorney Chad Spraker and the EPA's testifying expert Dr. Frederick Rosenberg, M.D.  (Doc. 75 at 2).  The EPA opposes the motion.

The motion has been referred to the undersigned under 28 U.S.C. § 636(b)(1)(A).  The motion has been fully briefed.  The Court conducted a hearing on the motion on May 4, 2020.  The Court is prepared to rule.

**DISCUSSION**

a.    **Email correspondence between FOH and Maureen O'Mara**

During the course of discovery, Davies requested that the EPA produce all of the emails that it had received from the FOH that related to his medical status. The EPA produced numerous emails in response to Davies's discovery request.

The emails that the EPA produced failed to include three emails that the FOH sent to EPA employee Maureen O'Mara regarding Davies's medical status.

A "Medical Monitoring Chronology" prepared by O'Mara indicates that the missing emails were dated September 19, 2016,  December 2, 2016, and January 9, 2017.  (Doc. 75, Ex. M.).  Davies seeks an order compelling the EPA to produce the missing emails.

During the hearing on May 4, 2020, the EPA described its efforts to locate the missing emails.  The EPA stated that it had conducted three email searches using a variety of search terms, but all of the searches were unsuccessful.  The Court finds that the EPA has made a good faith effort to locate the missing emails. The Court must therefore deny Davies' motion to compel as moot.  If Davies believes that the EPA's failure to produce the missing emails warrants the imposition of a sanction, Davies may raise that issue with the District Court.

### b.   Communications between EPA's counsel and Dr. Rosenberg

In 2016, the EPA hired Dr. Rosenberg to evaluate whether Davies was medically qualified to work as a Special Agent in the EPA's Criminal Investigation Division.  Dr. Rosenberg determined that Davies was medically qualified.  After Davies began working as a Special Agent, Dr. Rosenberg determined that Davies was not medically qualified to work as a Special Agent. (Doc. 83-3 at 5).

The EPA has identified Dr. Rosenberg as an expert witness who will testify at trial.  (Doc. 83-3).  Dr. Rosenberg has submitted his expert report.  (Doc. 83-3 at 4-9).

Davies has deposed Dr. Rosenberg.  During the deposition, Davies's counsel attempted to question Dr. Rosenberg about his communications with Mr. Spraker.  Mr. Spraker instructed Dr. Rosenberg not to answer any questions regarding their communications.  Mr. Spraker stated that their communications were protected under the work product rule.

Davies seeks an order compelling the EPA to produce all communications between Mr. Spraker and Dr. Rosenberg (both email communications and oral communications).  The EPA opposes the motion.

The email communications between Mr. Spraker and Dr. Rosenberg have been provided to the Court for an in camera review.  (Docs. 86, 87).  The Court has completed its in camera review.

### Communications Between a Party's Lawyer and a Testifying Expert

The extent to which communications between Mr. Spraker and Dr. Rosenberg may be discovered, hinges on whether Dr. Rosenberg is properly characterized as a retained expert or as a non-retained expert.

Fed. R. Civ. P. 26(b)(4)(C) governs the discovery of communications between a party's lawyer and a retained expert.  Rule 26(b)(4)(C) states that communications between a party's lawyer and a retained expert are generally not discoverable.  *Id*.  Communications between a party's lawyer and a retained expert are discoverable only to the extent:

1. The communications identify facts or data that the party's lawyer provided and that the expert considered in forming the opinions to be expressed;

2. The communications identify assumptions that the party's lawyer provided and that the expert relied on in forming the opinions to be expressed; or

3. The communications relate to compensation for the expert's study or testimony.

Fed. R. Civ. P. 26(b)(4)(C).

Rule 26(b)(4)(C) does not apply to non-retained experts.  Communications between a party's lawyer and a non-retained expert are not protected by Rule 26.  Communications between a party's lawyer and a non-retained expert are generally discoverable, including communications that involve attorney work product.  See *PacifiCorp v. Northwest Pipeline GP*, 879 F. Supp. 2d 1171, 1211-1215 (D. Ore. July 16, 2012); *United States v. Sierra Pacific Industries*, 2011 WL 2119078, *3-

11 (E.D. Cal. May 26, 2011); *Cooper v. Meritor, Inc.*, 2018 WL 10467776, *5

(N.D. Miss. Feb. 7, 2018).

### Retained Expert vs. Non-Retained Expert

The distinguishing characteristic between a retained expert and a non-

retained expert is the nature of the expert's testimony.  See *Tarter v. Throne Law*

*Office*, 2019 WL 609337, *4 (D. Mont. Feb. 13, 2019); *Cantu v. United States*,

2015 WL 12743881, *5 (C.D. Cal. April 6, 2015).  A retained expert is "an expert

who without prior knowledge of the facts giving rise to [the] litigation, is recruited

to provide expert opinion testimony."  *Downey v. Bob's Discount Furniture*

*Holdings*, 633 F.3d 1, 6 (1st Cir. 2011).  The retained expert provides opinions at

trial based on information that he or she has obtained in a manner other than by

being a percipient witness to the events in issue.  *Tarter*,  2019 WL 609337 at *4.

The non-retained expert is an expert who was "involved in the events giving

rise to the litigation." *Downey*, 633 F.3d at 6.  The non-retained expert's

knowledge arises from his or her involvement in those events.  *Id*.  The non-

retained expert provides opinions at trial based on information he or she acquired

through his or her percipient observations.  *Tarter*,  2019 WL 609337 at *4.

Here, the EPA has disclosed Dr. Rosenberg as a hybrid fact-expert witness

who will offer opinions at trial are based exclusively on his medical evaluations of

Davies in 2016.  None of the opinions that Dr. Rosenberg intends to offer at trial are based on information independent of the medical evaluations he conducted in 2016.  Dr. Rosenberg is therefore properly classified as a non-retained testifying expert.

Given that Dr. Rosenberg is a non-retained expert witness, Davies is entitled to discover all oral and email communications between Mr. Spraker and Dr. Rosenberg, with one exception.  All preliminary drafts of Dr. Rosenberg's expert report are protected from discovery under Fed. R. Civ. P. 26(b)(4)(B).

Accordingly, IT IS HEREBY ORDERED:

1.     The portion of Plaintiff's Motion to Compel that seeks the emails between FOH and Maureen O'Mara (Doc. 74-1) is DENIED as moot.

2.     The portion of Plaintiff's Motion to Compel that seeks all of the communications between Mr. Spraker and Dr. Rosenberg (Doc. 74-2) is GRANTED to the extent described above.

3.     On or before May 29, 2020, Defendants shall provide to Davies all of the email communications between Mr. Spraker and Dr. Rosenberg, except the preliminary drafts of Dr. Rosenberg's expert report.

4.     Davies may re-depose Dr. Rosenberg regarding Mr. Spraker's

communications with Dr. Rosenberg.  Defendants shall pay all costs associated with the deposition.

5.      Each party shall bear his or its own costs and fees associated with this motion.

DATED this 26th day of May, 2020.

_____
John Johnston
United States Magistrate Judge